ROBERT GARVEY, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 235, 2009.
Supreme Court of Delaware.
Submitted: August 5, 2009.
Decided: September 10, 2009.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
Randy J. Holland, Justice.
This 10th day of September 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Robert Garvey, filed an appeal from the Superior Court's April 8, 2009, order denying his third motion for postconviction relief. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that, in October 2003, Garvey was found guilty of Murder in the First Degree, Robbery in the First Degree, Attempted Robbery in the First Degree, two counts of Possession of a Firearm During the Commission of a Felony, two counts of Carrying a Concealed Deadly Weapon, and Conspiracy in the Second Degree. He was sentenced to life in prison without the possibility of probation or parole on the murder conviction. On direct appeal, this Court affirmed Garvey's convictions and sentences.[1] This Court also affirmed the Superior Court's denials of Garvey's two previous postconviction motions.[2]
(3) In Garvey's appeal from the denial of his latest postconviction motion, he claims that a) the Superior Court's jury instruction regarding the "in furtherance of" language of the felony murder statute[3] constituted an amendment of the charge in the original indictment, thereby providing inadequate notice of the charge against him; and b) the Superior Court's decision denying his postconviction claim constituted an abuse of discretion. Garvey also requests that this matter be remanded to the Superior Court for an evidentiary hearing.
(4) Garvey's first claim is precluded in this proceeding as previously adjudicated.[4] The record reflects that, in his second postconviction motion, Garvey claimed, among other things, that his murder conviction should be vacated under Williams v. State, 818 A.2d 906 (Del. 2003) (holding that the "in furtherance of" language of the felony murder statute required proof beyond a reasonable doubt that the murder facilitated the commission of the felony) and Chao v. State, 931 A.2d 1000 (Del. 2007) (holding that the decision in Williams applied retroactively). We disagree with Garvey's contention that his current claim is sufficiently distinguishable from that previous claim to warrant consideration in this proceeding. Rather, Garvey has merely recast his previously-rejected claim as an attack on his indictment. As such, it is procedurally barred.[5]
(5) Garvey's claim also is precluded under the doctrine of res judicata.[6] This Court previously determined that the Superior Court properly instructed the jury regarding the "in furtherance of" language of the felony murder statute as it existed at that time.[7] As such, the Superior Court properly denied Garvey's claim. There is, moreover, no evidence that the claim merits an evidentiary hearing. We, therefore, conclude that the Superior Court's judgment must be affirmed.
(6) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Garvey v. State, 873 A.2d 291 (Del. 2005).
[2] Garvey v. State, Del. Supr., No. 304, 2006, Steele, C.J. ( Apr. 26, 2007); Garvey v. State, Del. Supr., No. 131, 2008, Steele, C.J. (Nov. 5, 2008).
[3] Del. Code Ann. tit. 11, §636(a)(6) (amended effective May 19, 2004).
[4] Super. Ct. Crim. R. 61(i)(4).
[5] Riley v. State, 585 A.2d 719, 721 (Del. 1990) ("Justice does not require that an issue that has been previously considered and rejected be revisited simply because the claim is refined or restated.")
[6] Betts v. Townsends, Inc., 765 A.2d 531, 534 (Del. 2000) (a party is prohibited from asserting the same issue involving the same parties after a judgment already has been entered on the matter).
[7] Garvey v. State, Del. Supr., No. 131, 2008, Steele, C.J. (Nov. 5, 2008).