Ramazan SAHIN, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 357, 2012.

Supreme Court of Delaware.

Submitted: July 10, 2013.

Decided: July 26, 2013.

Joseph M. Bernstein, Esquire (argued), Wilmington, Delaware; Of Counsel: Philip D. Lauer, Esquire, Lauer & Sletvold, P.C., Easton, Pennsylvania, for Appellant.

Josette D. Manning, Esquire (argued), Department of Justice, Wilmington, Delaware, for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

JACOBS, Justice:

### INTRODUCTION

Ramazan Sahin, the defendant-below ("Sahin"), appeals from a Superior Court order denying his Superior Court Criminal Rule 61 motion for post-conviction relief. On appeal, Sahin claims that his trial defense attorney's comments to the trial judge, made before and during his bench trial, constituted ineffective assistance of counsel in violation of his Sixth Amendment right. Sahin further argues that defense counsel's comments created an objective appearance of judicial bias against him, thereby violating his right to a fair trial. We find no merit in these claims, and affirm.

### FACTS AND PROCEDURAL BACKGROUND

In May 2009, after a six-day bench trial, a Superior Court Judge convicted Sahin of nine counts of Rape in the First Degree, nine counts of Possession of a Deadly Weapon During the Commission of a Felony, and one count of Aggravated Menacing. Sahin's convictions arose out of charges that he raped eight women in 2007. At trial, seven of those eight women identified Sahin specifically as their assailant. Also, Sahin's DNA was found inside two of the women. Sahin's defense was that he admittedly raped an unknown number of women, but did not rape any of the eight female complainants in this case. The trial judge convicted Sahin and sentenced him to life plus 138 years in prison, followed by six months of probation. This Court affirmed on direct appeal. In its affirming opinion, this Court held that *Strickland v. Washington*[1]—and not *United States v. Cronic*[2]—governed Sahin's in-

---

**1.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**2.** 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

effective counsel claim which (we held), must be raised initially on a Rule 61 post-conviction motion.[3] Thereafter, Sahin filed this Rule 61 motion.

Before and during Sahin's bench trial, defense counsel made certain comments to the trial judge that form the basis for Sahin's Rule 61 motion. At a pre-trial conference, Sahin's trial counsel told the court that, given the overwhelming evidence against his client, he had advised Sahin to accept the State's plea offer:

> I also told [Sahin], however, that it was his choice [whether to accept the plea offer], and that I would support him either way, but I said that the offer that had been extended by the State in this case, I thought was a benevolent offer, relative to what I saw in the evidence that would be produced in this case.... [H]e wants to resolve this by way of making the State prove their case. I told him that was against my judgment under the circumstances.... [I]t is his choice to go forward with trial, contrary to my—my advice to him to do—to consider otherwise. I will support him in this, and I will defend him to the best of my ability, but the record should reflect that the potential consequences are such that it is not in his best interest to go forward, given what the State has offered to resolve this case, and I just wanted to make sure the record was clear on that.

Defense trial counsel also told the judge that, in his (counsel's) opinion, Sahin was not being truthful when requesting the assistance of an interpreter during the court proceedings. Counsel stated that he:

> ... met with [Sahin] the last four or five times with no interpreter. We just

talked, and today, he ... needs an interpreter. He doesn't need an interpreter to understand the colloquy. He wants an interpreter to explain things to him, and my impression is ... that now he decides he wants an interpreter. We have to—my opinion, he does not need an interpreter. I think he [wants an interpreter] because he seeks—he seeks refuge in the fact that he is not particularly fluent in English, and he then can decide if he doesn't want to answer me, or he doesn't want to answer the court, he can play dumb.

A Superior Court Commissioner heard Sahin's ineffective counsel claim, and in a detailed opinion, recommended that the Superior Court deny relief under Rule 61. The Commissioner determined that although defense counsel's conduct was deficient under *Strickland v. Washington,*[4] Sahin was not prejudiced by counsel's conduct, because there was overwhelming evidence of his guilt of the rape charges. Specifically, the Commissioner found:

> In summary, each of the women's respective sexual assaults corroborated the others and Sahin's admissions corroborated each of their assaults individually and all of their assaults collectively. This case was corroborated by 911 calls; police statements; Sahin's DNA inside the bodies of complaining witnesses; the physical evidence: the knives found in Sahin's car and the white sneakers found in Sahin's car; Sahin's admissions as to the sexual assaults he committed corroborated the complaining witnesses [sic] respective assaults, and the police surveillance corroborated the sexual assaults of the complaining witnesses as well as Sahin's admissions.

---

3. *Sahin v. State,* 7 A.3d 450, 451–53 (Del. 2010).

4. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

By order dated June 5, 2012 and filed on June 8, 2012, the Superior Court adopted the Commissioner's Report and Recommendation and denied Sahin's Rule 61 motion.[5]

This appeal followed.

### ANALYSIS

Two distinct issues are presented on this appeal. The first is whether defense counsel's performance constituted ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. The second is whether defense counsel's comments created an objective appearance of bias against Sahin, thereby infringing his constitutional right to a fair trial. We review a Superior Court order denying a motion for postconviction relief for abuse of discretion.[6] To the extent the motion raises constitutional claims, we review those claims *de novo*.[7]

We agree with the Superior Court that defense counsel's performance was deficient under the first prong of *Strickland v. Washington*.[8] The State so concedes. Nonetheless, for such deficient performance to constitute ineffective assistance under *Strickland*, it must also have prejudiced the defendant's case. Sahin concedes, and "agrees with the State that if this case is subjected to an analysis under *Strickland's* 'prejudice' component, then the defendant cannot establish 'prejudice.'" Given that concession (which also is factually supported in the record), Sahin cannot establish a successful claim of ineffective assistance of counsel if we find that *Strickland* is the governing standard.

Sahin argues that this Court should not apply *Strickland*. Instead, he urges, the standard governing his case is set forth in *United States v. Cronic*,[9] a standard that this Court recently applied in *Cooke v. State*.[10] If *Cronic* applies, then prejudice is presumed. Under *Cronic* prejudice is presumed in three circumstances: (1) if there is a complete denial of counsel; or (2) if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; or (3) if counsel is asked to provide assistance in circumstances where competent counsel likely could not.[11]

Sahin's claim labors under two insuperable difficulties. First, on direct appeal this Court held that none of the circumstances that would operate to trigger the *Cronic* standard exist in Sahin's case.[12] Second, Sahin's case is materially distinguishable from *Cooke*.

*Cooke* was a capital case. There, this Court held that defense counsel's trial strategy—to seek a verdict of "guilty but mentally ill" over defendant's objection—violated the defendant's constitutional right to plead not guilty and to put the State to its proof. Counsel's strategic decision was held to constitute a "structural

---

5. *State v. Sahin*, Del.Super., Cr. ID No. 0710019209 (June 8, 2012) (ORDER).

6. *Fogg v. State*, 58 A.3d 982, 2012 WL 6553921, at *3 (Del. Dec. 13, 2012) (TABLE) (citing *Claudio v. State*, 958 A.2d 846, 850 (Del.2008)).

7. *Pierce v. State*, 911 A.2d 793, 796 (Del. 2006).

8. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

9. 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

10. 977 A.2d 803 (Del.2009).

11. *Cooke*, 977 A.2d at 848.

12. *Sahin v. State*, 7 A.3d 450, 452 (Del.2010) ("We have concluded that none of the three circumstances listed in *Cronic* is directly applicable to the facts of Sahin's case.").

defect" in the judicial proceedings under *Cronic,* which deprived the defendant (Cooke) of his constitutional right to the effective assistance of counsel.[13] Here, in contrast, Sahin freely exercised his constitutional rights to plead not guilty and to proceed to trial. Sahin took the stand in his own defense and received the affirmative assistance of his counsel, who questioned Sahin on direct examination and adversarially tested the credibility of the witnesses before the trial judge. Because Sahin's case did not involve any "structural defect" in the adversary proceeding, it is distinguishable from *Cooke.*

The second issue (apart from *Cronic* ) is whether defense counsel's negative statements about Sahin created an objective appearance of bias by the trial judge against Sahin. The inquiry is whether an objective third party could perceive such judicial bias.[14] No evidence of record to support such an inference, let alone a finding of judicial bias, has been cited to us. The Superior Court did not abuse its discretion by denying Sahin's Rule 61 motion on this ground.

### CONCLUSION

For the reasons stated above, the judgment of the Superior Court is affirmed.

---

**13.** *Cooke v. State,* 977 A.2d 803 (Del.2009).

**14.** *Stevenson v. State,* 782 A.2d 249, 258 (Del. 2001).