**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. Nos.  1212019156, |
| | ) | 1212003272 |
| | ) | |
| | ) | |
| ROBERT ALLEY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 3, 2015
Decided: November 16, 2015
(corrected November 17, 2015)

**COMMISSIONER'S REPORT AND RECOMMENDATION ON**

**DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF**

Sonia Augusty, Esquire, Delaware Department of Justice, 820 N. French St. 7th Floor, Criminal Division, Wilmington, Delaware, 19801, Attorney for the State.

Robert Alley, *pro se*.

John A. Barber, Esquire, Law Office of John A. Barber, 1232 North King Street, Suite 300, Wilmington, DE, 19801, Attorney for Defendant.

**MANNING**, **Commissioner**

(1)  This 16th day of November, 2015, upon consideration of defendant Robert Alley's motion for postconviction relief ("Motion"), I find the following:

(2)  On August 28, 2014, Alley pled guilty to one count of Robbery Second Degree and one count of Theft of a Motor vehicle in connection with the above captioned case numbers.  A pre-sentence investigation was order with sentencing at a later date.  On December 1, 2014, as contemplated by the express terms of the guilty plea agreement signed by Alley, the State filed a motion to declare him a habitual offender pursuant to 11 *Del. C.* §4214(a).  On December 18, 2014, Alley was declared a Habitual Offender by this Court and sentenced to eight and a half years at Level V as to the robbery charge, and various levels of probation as to the theft charge.

(3)  Alley's convictions in this case were subsequently affirmed on direct appeal by the Delaware Supreme Court on July 24, 2015.[1]

(4)  Alley then timely filed his first *pro se* motion for postconviction relief in this case on August 3, 2015.

(5)  Pursuant to Superior Court Rule 132, Alley's Motion was referred to the undersigned Commissioner on September 8, 2015.   Following a review of Alley's Motion I order a transcript of the December 18, 2014 sentencing hearing before President Judge Jurden.[2]   Based upon my review of Alley's Motion I did not see the need for an evidentiary hearing, an affidavit from defense counsel, or a response from the State.

---

[1] *See Robert Alley v. State*, 2015 WL 4511348 (Del. July, 24, 2015).
[2] Due to an administrative oversight, I was not made aware that the necessary transcript had been completed until November 12, 2015.

(6) Alley's claims for postconviction relief, in his own words, are as follows:

Ground One: Ineffective assistance of Counsel (see attached). Cronic violation prejudice presumed.

Ground Two: Procedural error in holding status (Title 11 § 4214(a)) and sentencing matters at the same time which resulted in prejudice to defendant (see attached).

Ground Three: Unfulfilled plea agreement. Per plea agreement, defendant could challenge Title 11 § 4214(a) petition at sentencing. (P.O. Beth Savitz can verify)

(7) To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[3] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[4]

(8) When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[5] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[6] An error by defense counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[7]

---

[3] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[4] *Id.*
[5] *Id.* at 697.
[6] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[7] *Strickland*, 466 U.S.at 691.

(9)  In considering post-trial attacks on counsel, *Strickland* cautions that trial counsel's performance should be reviewed from his or her perspective at the time decisions were being made.[8] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting efforts of hindsight.  Second guessing or "Monday morning quarterbacking" should be avoided. [9]

(10)  The procedural requirements of Superior Court Criminal Rule 61 must be addressed before considering the merits of any argument.[10]  Alley's Motion was timely filed, is not repetitive, and is therefore not procedurally barred under Superior Court Criminal Rule 61(i)(1) or (2).  I will address any issues regarding procedural default under Rule 61(i)(3) and (4) in conjunction with Alley's specific claims below.

(11)  At the outset, I reviewed the Guilty Plea Form, the Truth-in-Sentencing form and the transcript from the entry of Alley's guilty plea before Judge Wallace—I found no anomalies. My review of the file indicates that all forms were fully and accurately completed.  The guilty plea colloquy was through and covered all necessary aspects of the waiver of Alley's rights and the penalties he faced at sentencing.  In short, I have no doubt that Alley's guilty plea was made knowingly, voluntarily and intelligently.

(12)  Before directly addressing Alley's complaints, some procedural and background explanation is necessary.  The genesis of Alley's main complaint results from a guilty plea he entered into in 2008.[11]  At that time, Alley pled guilty to a felony charge which was subsequently used as a predicate offense for the habitual offender motion filed by the State in this case, in

---

[8] *Id.*
[9] *Id.*
[10] *See Younger*, 580 A.2d at 554.
[11] Crim. ID No. 0707012162.

2014.[12] As part of the 2008 plea agreement, according to Alley at least, the State agreed to not file a motion to declare him a habitual offender in exchange for his plea. Accordingly, Alley pled guilty in 2008 to Felony Resisting Arrest.

(13) On March 22, 2013, subsequent to his arrest on this case, Alley filed a *pro se* motion for postconviction relief. In short, Alley sought to undo his 2008 guilty plea so as to avoid the possibility of being declared a habitual offender in the present robbery case. Alley claimed that his 2008 defense counsel, Kathryn van Amerongen, incorrectly advised him that he was eligible for habitual offender status, when he in fact was not. Alley felt he had received ineffective assistance of counsel and was bluffed into pleading guilty by the State. Ultimately, John Barber was appointed by the Court to represent Alley on the Rule 61 postconviction motion before Judge Rocanelli. Mr. Barber, perhaps by design—but it is not clear to me, was appointed to represent Alley because he also represented Alley, due to a conflict with the Public Defender's Office, in the pending 2013 case. Thus, Mr. Barber was well aware of Alley's complaints and concerns regarding his eligibility for sentencing as a habitual offender in this case.

(14) On February 14, 2014, Judge Rocanelli denied Alley's motion for postconviction relief.[13] On November 20, 2014, the Delaware Supreme Court affirmed Judge Rocanelli's ruling.[14] Despite what Alley would like to believe, the validity of the 2008 conviction for Felony Resisting Arrest now stands beyond question.

(15) In the memorandum supporting Alley's postconviction motion, he stated that "counsel was so deficient at sentencing that it amounted to a complete denial counsel." Alley also stated that "counsel also failed to hold the State to our plea agreement (right to challenge the habitual petition) he also disregarded defendant's wishes to challenge habitual sentencing and

---

[12] Crim. ID # 1212019156, docket # 89.
[13] *See State v. Alley*, 2014 WL 605440 (Del. Super. Feb. 14, 2014).
[14] *See Alley v. State*, 2014 WL 7009961 (Del. Nov. 20, 2014).

4

failed to mention any mitigating factors . . . ."   Finally, Alley added that "counsel was also ineffective on direct appeal for not pursuing valid claims . . . ."[15]

(16) Based on Alley's attached memorandum, and his use of the term "Cronic" (although he does not cite the case itself) it appears he is arguing that his lawyer's representation was so utterly deficient as to constitute a complete denial of the right to counsel *vis-à-vis* the United State Supreme Court opinion in *United States v. Cronic.*[16]  Under the *Cronic* standard, prejudice in the context of ineffective assistance of counsel is presumed in three circumstances: (1) if there is a complete denial of counsel; or (2) if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; or (3) if counsel is asked to provide assistance in circumstances where competent counsel likely could not.[17]

(17) Setting aside the fact that Alley's claims are largely conclusory in nature, I see no structural defect in the proceedings as required under *Cronic* nor prejudice under the *Strickland* standard.  As previously noted, Alley's guilty plea was knowingly, intelligently and voluntarily entered and he is bound by the statements he made when he entered the plea.  Additionally, at the time Alley chose to plead guilty in this case, his postconviction motion to overturn his 2008 conviction had already been denied by Judge Rocanelli.  Furthermore, by the time of his sentencing in December of 2014, the Delaware Supreme Court had affirmed Judge Rocanelli's ruling.  Therefore, when Alley's counsel stated that "we have no good faith basis to oppose [the habitual offender motion] at this time,"[18] it was not for lack of effort.  With Mr. Barber's assistance, Alley had argued and appealed the issue all the way to the Delaware Supreme Court— there was simply nothing more his lawyer could have done.  Alley's statement that his

---

[15] Petitioner's Motion, D.I. 112.
[16] 466 U.S. 648 (1984).
[17] *See Sahin v. State*, 72 A.3d 111, 114 (Del. 2013).
[18] December 19, 2014, Sent. Trans. at 4.

counsel "failed to subject the prosecutions [sic] habitual petition to a meaningful adversarial testing" could not be further from the truth. Finally, because this issue was formerly adjudicated, it is procedurally barred from further consideration by Rule 61(i)(4).[19]

(18) Alley next claims that his counsel was ineffective for not holding the State to the plea agreement and not presenting any mitigating factors for the court to consider. My review of the documents and transcripts indicates otherwise. The guilty plea agreement clearly indicates that the State would cap its Level V recommendation at no more than 10 years. At sentencing, the State asked the Court to impose 10 years—consistent with its agreement. As for mitigation, defense counsel did discuss with the Court Alleys' very difficult childhood and other mitigating factor.[20] However, to a certain extent, a lengthy presentation by defense counsel was not necessary as the Court was very well aware of Alley's difficult childhood based on letters it had received, and in fact, raised the issue preemptively with the parties.[21] In the end, the Court sentenced Alley to less than what the State asked for, making it difficult for me to see how he was prejudiced in any way.

(19) Next, Alley claims that defense counsel "was also ineffective on direct appeal for not pursuing valid claims, unfulfilled plea agreement, due process viol [sic], no 4215(b) hearing or Bailey viol, as habitual/sentence conducted as one single hearing." Alley provides no additional detail or argument to support his claims other than what is stated in the preceding sentence. Alley's claims are nothing more than conclusory statements and should not be considered by the Court.[22] Furthermore, Alley's argument that he should not be sentenced at the

---

[19] Rule 61(i)(4) Former adjudication. -- Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

[20] December 19, 2014, Sent. Trans. at 10.

[21] *Id*. at 8.

[22] Conclusory allegations are insufficient to establish a claim of ineffective assistance of counsel. *See Younger v. State*, 580 A.2d 552, 555 (Del. 1990).

same time (and presumably by the same judge) he is declared a habitual offender is without merit. I can only assume that Alley is arguing that this procedure is somehow prejudicial. In reality, however, it makes no difference because the judge who ultimately imposes sentence would still be aware of Alley's criminal history, habitual offender status, and would have a copy of the habitual offender petition in the Court's file.

(20) Next, Alley claims that the motion to declare him a habitual offender was granted so quickly it did not give him a chance to speak. Alley states that "if I was giving the chance to speak in the habitual hearing I could have addressed my issues and then moved on to my conduct in the sentencing phase without fear of confusing the two [issues] . . . ." It is unfortunate that Alley continues to fail to grasp that by the time of his sentencing in December of 2014 his status as a habitual offender was unassailable. President Judge Jurden reviewed the motion and made findings of fact, on the record, prior to granting it. Based on the specific language of 11 *Del. C.* 4214(a), the Court simply had no discretion to deny the motion in any event. The fact that Alley did not argue against the motion, but actually focused his comments to the Court on taking responsibility for his crimes, appears to have earned him a lighter sentence in the end.[23]

(21) Finally, I note that Alley's claims are so lacking in merit that the Court could summarily dismiss them under Rule 61(d)(5).

For the foregoing reasons, Alley's Motion should be DENIED.

**IT IS SO RECOMMENDED.**

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner

oc:     Prothonotary
cc:     Defendant

---

[23] December 19, 2014, Sent. Trans. at 12.