IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         :
                                :        ID No. 1009006158
v.                           :        In and for Kent County
                                :
WILLIAM A. LOPER,         :
                                :
Defendant.            :

*Submitted: April 26, 2016*
*Decided: June 27, 2016*

*Upon Consideration of Defendant's Amended Motion  for Post-Conviction Relief Pursuant to Superior Court Criminal Rule 61*
DENIED

**OPINION**

Kathleen A. Dickerson, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware for the State of Delaware.

William Loper, *Pro se*.

Young, J.

## SUMMARY

Before the Court is William Loper's ("Defendant") amended motion for post-conviction relief under Delaware Superior Court Criminal Rule 61.[1] Because Defendant's claims are procedurally barred, Defendant's motion is **DENIED** in full.

## FACTS AND PROCEDURES

Defendant was convicted of criminal drug charges at trial in July 2011. In April 2014, Defendant filed his original motion for post-conviction relief *pro se*. Subsequently, Defendant moved for and was appointed post-conviction counsel ("Post-Conviction Counsel"). In April 2015, after prolonged review of the case, Post-Conviction Counsel filed a motion to withdraw based upon the inability to assert any meritorious post-conviction claims, which this Court granted in May 2015.

Once again acting *pro se*, Defendant moved to amend his first motion for post-conviction relief, adding certain additional grounds for relief. In yet another motion to amend, Defendant requested that all drug evidence relevant to the sentencing enhancement in his case be retested. Thereafter, in September 2015, the Superior Court Commissioner noticed Defendant regarding the noncompliance of his cumulative motions to amend, requiring him to rectify the error and submit a single document stating all grounds for relief. Defendant filed his amended motion for post-conviction relief in November 2015.

In February 2016, the State filed a letter in response to Defendant's amended motion. The State construed Defendant's motion as raising twelve grounds for relief.

---

[1] *See* Del. Super. Ct. Crim. R. 61.

Defendant's claims are listed below, followed by the State's response. Defendant's claims 1-8 and 11 articulate an ineffective assistance of counsel argument in various ways. Defendant's claims 9, 10, and 12 articulate a due process or other argument.

Claim 1: *"Objection to Counsel's Withdrawal"* - The indigent criminal defense system in Delaware fails to provide quality representation to defendants in the state.

The State first notes that Defendant fails to elaborate upon this claim or list any facts pertaining to his case. The State goes on to recount how Post-Conviction Counsel was appointed by the Court, and how such counsel thoroughly examined Defendant's case, finding no merit to any of his claims.

Claim 2: *"Each Counsel's Representation Fell Far Below Reasonable Representation"* - The state's criminal defense practice of horizontal representation eliminates client accountability on the part of the attorneys and system at large.

The State characterizes Defendant's argument as conclusory, failing to relate the claim to any facts in his case. As to any ineffective assistance of counsel claim, the State notes that Defendant fails to demonstrate the requisite prejudice resulting from the alleged failures of his post-conviction counsel.

Claim 3: *"Due Process and Critical Stages of a Case"* - The state's criminal defense system fails to provide clients with adequate representation during the "critical stages" of a case, thereby, violating defendants' due process rights.

The State notes Defendant's argument here is that the criminal justice system as a whole is not adversarial, therefore, failing defendants generally. Again, the State highlights Defendant's failure to address his case specifically or to relate the claim back to facts in his case. As a result, the State argues that Defendant has not shown

3

the requisite prejudice for an ineffective assistance of counsel claim.

Claim 4: *"Workload Standards"* - The caseloads of both public and private criminal defense attorneys at the appellate and post-conviction levels are unworkable, depriving defendants of adequate representation, thereby violating their due process rights.

The State notes that, although Defendant cites a "national limit" for conflict attorney caseloads, he fails to cite any "black letter" standard or any proof that his own attorney was overworked and unable to provide adequate representation. The State argues that, on the contrary, Defendant's attorneys submitted responses of such quality and detail as to negate any suggestion of inadequate representation. Here too, the State argues that Defendant has failed to show prejudice as required case law.

Claim 5: *"Ineffective Counsel"* - Both Trial Counsel and Post-Conviction Counsel were ineffective in failing to raise a claim under *Brady v. Maryland*,[2] when the Trial Court refused to order preparation of voluminous wiretap transcripts which Counsel were then unable to review. Furthermore, Post-Conviction Counsel was ineffective in failing to develop an ineffective assistance of counsel claim against Trial Counsel.

The State addresses Defendant's claims by analyzing Trial and Post-Conviction Counsels statements and actions during proceedings. Trial Counsel noted on the record at the beginning of trial that he was "technically ineffective," because he was

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

unable to review the extensive tapes of evidence.[3] Trial Counsel qualified this admission by stating, "I'm not sure that there is any prejudice. . . . there is little value in having these materials because there's no witness to impeach," adding "it may be a moot issue because there's no prejudice."[4] The State argues that, in line with Trial Counsel's assessment, the Defendant has failed to show that any prejudice resulted from lack of access to all of the tapes at trial.

Claim 6: *"Due Process Clause"* - The ineffectiveness of Trial Counsel and Post-Conviction Counsel violate Defendant's right to counsel under the Sixth Amendment and Due Process rights under the Fourteenth Amendment.

The State refers back to its argument, under Claim 1, that Post-Conviction Counsel worked diligently to review any possible claims, thereby, negating Defendant's assertion that counsel was ineffective or "has done nothing." Additionally, the State characterizes Defendant's claim as conclusory.

Claim 7: *"Rule 61 and Amended Claims"* - Trial court abused its discretion by giving an improper instruction on constructive possession with regard to the trafficking charge. Post-Conviction Counsel was ineffective in failing to raise this issue at trial, post-trial, or on direct appeal. Defendant was deprived of a fair trial as guaranteed by the Sixth Amendment and Due Process under the Fourteenth Amendment.

The State notes that both Trial Counsel and Post-Conviction Counsel

---

[3] Trial Transcript A6-7.

[4] Trial Transcript A6-7.

considered Defendant's claim to be without merit, given the evidence produced at trial and the case law on the subject. The State also explains that jury instructions are given at the trial judge's discretion. Although no cocaine was actually produced at trial, the State asserts that "[t]he substance's identity was proven through a variety of sources," including the testimony of an admitted drug dealer who identified the substance as cocaine, surveillance video before and after the drug sale, evidence of money received from the sale, and intercepted phone calls about the sale.

Claim 8: *"Ineffective Counsel"*: Trial Counsel was ineffective when he failed to raise the issues of 1) insufficient evidence with regard to the drugs seized in the toxicology report; 2) insufficient evidence to support actual or constructive possession of drugs; 3) the *Brady*[5] violation regarding digital tracking and wiretap evidence; and 4) inconsistent jury verdicts on the trafficking and conspiracy charges. The State refers forward to the subsequent Claim 9 for their response that Defendant was not tried on charges related to the seized Oxycodone which he discusses elsewhere with regard to the misconduct at the Office of the Chief Medical Examiner ("OCME").

The State refers backward to the prior Claim 7 for their response that there was sufficient evidence at trial to support Defendant's conviction for trafficking based on constructive possession of the relevant cocaine.

As to the alleged *Brady*[6] violation, the State characterizes this as another

---

[5] *Brady*, 373 U.S. 83.

[6] *Id.*

conclusory claim by Defendant. The State points out that the GPS tracking device information and wiretap contents were available to Defendant in discovery. Moreover, Defendant failed to show that any of the GPS or wiretap information was exculpatory. Finally, Defendant raised and litigated this issue on direct appeal to the Supreme Court, which precludes relief at the post-conviction level (*Loper v. State*, 85 A.3d 88, 2014 WL 210600, at *1 (Del. Jan. 17, 2014)(TABLE)).

Lastly, the State addresses Defendant's claim that jury verdicts of guilty of trafficking and not guilty of conspiracy are inconsistent. The State explains that the two verdicts are legally consistent because conspiracy requires proof of an additional element which trafficking does not, which could explain the jury's different verdicts on the two charges.

Claim 9: *"Suppression of Crime Lab Scandal Created a Probability Sufficient to Undermine Confidence in the Outcome of Petitioner's Case"* - The ongoing and undisclosed misconduct at the OCME during the time of Defendant's criminal prosecution would have served as impeachment evidence against the State's case, and the result would have been different had information about the scandal been available to Defendant at trial.

The State points out that Defendant was not tried on charges relating to the Oxycodone which was seized and tested. As a result, Trial Counsel and Post-Conviction Counsel both deemed Defendant's claim on this point to be without merit. Therefore, the State asserts that Defendant has failed to establish any prejudice or change in outcome that could have resulted from drug evidence which was not presented in his case.

Claim 10: *"Court's (sic) Must Use a Framework Known as the Categorical Approach"* - The trial court violated Defendant's due process rights when it enhanced his sentence under the habitual offender statute, which is unduly vague and fails to give notice of what constitutes a "violent or serious drug offense."

The State responds that the habitual offender statute has been reviewed and found constitutional by the Court previously.

Claim 11: *"Proof Beyond a Reasonable Doubt is a Fundamental Principle of the Criminal Law"* - The trial court abused its discretion when it sentenced Defendant on the trafficking charge. Trial Counsel was ineffective by failing to object to the court's clear error.

The State notes that Trial Counsel reviewed the record and submitted a brief stating that there were no appellate issues in Defendant's case. Furthermore, the State points out that Defendant did not raise this issue in his direct appeal. Therefore, the State argues that Defendant's claim of ineffective counsel is conclusory, and fails to state facts relating to, or articulate prejudice resulting in his case.

Claim 12: *"Increased Sentences Must be Submitted Before the Jury"* - The enhanced sentencing applied to Defendant under the habitual offender statute violated his due process rights.

The State refers back to its comments relating to Claim 10 that the habitual offender statute has been found constitutional previously. In addition, the State asserts that Defendant did not raise this claim on direct appeal.

Despite the clear intent of the Commissioner's command that Defendant submit one compiled document listing all grounds for relief, Defendant replied to the State's

response to his motion in March 2016. Most recently, in May 2016, Defendant filed yet another amended supplement to his motion. Now, the Court addresses Defendant's cumulative motions in one decision on his request for post-conviction relief.

## STANDARD OF REVIEW

### *Procedural Requirements of Rule 61*

Superior Court Criminal Rule 61 provides that a defendant convicted of an offense may collaterally attack his conviction following exhaustion of his direct appeal by filing a motion for post-conviction relief that shall specify all available grounds for relief.[7] Rule 61 sets forth several procedural requirements which the Court must consider before addressing the merits of the underlying motion.[8] Rule 61(h)(3) allows the Court to dispose of a motion summarily "as justice dictates."[9] Rule 61(i)(3) provides that a defendant is procedurally barred from raising any ground for relief in a post-conviction motion that was not asserted in the proceedings leading to a judgment of conviction.[10]

A defendant may raise a procedurally barred claim if the defendant can establish (A) cause for relief from the procedural default and (B) prejudice from violation of the

---

[7] Del. Super. Ct. Crim. R. 61(b)(2); *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[9] Del. Super. Ct. Crim. R. 61(h)(3).

[10] Del. Super. Ct. Crim. R. 61(i)(3).

defendant's rights.[11] Both prongs must be established in order for the Court to consider the claim.[12] The procedural bar applies to claims not asserted during trial as well as claims not raised on direct appeal, though establishing cause for the default in the latter instance "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim."[13] However, claims of ineffective assistance of counsel are appropriately raised in the first instance in a motion for post-conviction relief.[14] Attorney error short of ineffective assistance of counsel does not constitute cause sufficient to excuse procedural default.[15] The defendant must make concrete and substantiated allegations of cause and actual prejudice in order for the exception to apply.[16]

Rule 61(i)(4) provides that any ground for relief that was formerly adjudicated in the proceedings leading to conviction, direct appeal, a prior post-conviction proceeding, or a federal habeas proceeding is barred.[17] This rule is based on the "law

---

[11] Del. Super. Ct. Crim R. 61(i)(3)(A)-(B).

[12] *See Shelton v. State*, 744 A.2d 465, 478 (Del. 2000) (dismissing procedurally barred claim for failure to establish cause, without considering prejudice prong).

[13] *Younger*, 580 A.2d at 556 (citing *Murray v. Carrier*, 477 U.S. 478, 492 (1986)).

[14] *Flamer*, 585 A.2d at 753.

[15] *Id.*

[16] *Id.*

[17] Del. Super. Ct. Crim. R. 61(i)(4).

of the case" doctrine.[18] The Court will reconsider formerly adjudicated claims only if reconsideration "is warranted in the interest of justice."[19] This exception applies when a defendant shows that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish him."[20] The "interest of justice" exception may also apply when the previous ruling was clearly in error, there is an "important change in circumstances, in particular, the factual basis for issues previously posed," or when the equitable concern of preventing injustice is otherwise implicated such that the concern trumps the law of the case doctrine.[21] A defendant cannot evade the former adjudication bar simply by refining or restating a formerly adjudicated claim.[22] Such claims will be dismissed.[23]

Rule 61(i)(5) provides an exception to the rule's procedural requirements for claims that "the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the

---

[18] *Weedon v. State*, 750 A.2d 521, 527 (Del. 2000).

[19] Del. Super. Ct. Crim. R. 61(i)(4).

[20] *Flamer*, 585 A.2d at 746.

[21] *Weedon*, 750 A.2d at 527-28.

[22] *See Duhadaway v. State*, 2005 WL 1469365, at *1 (Del. June 20, 2005) (TABLE); *Garvey v. State*, 979 A.2d 1110, 2009 WL 2882873, at *1 (Del. Sept. 10, 2009).

[23] *Duhadaway v. State*, 2005 WL 1469365, at *1.

judgment of conviction."[24] This "fundamental fairness" exception is a narrow one, and has been applied only in "limited circumstances," such as when the right relied upon has been recognized for the first time after direct appeal.[25] The defendant has the burden of proving that he was deprived of a "substantial constitutional right" before he is entitled to relief under this exception.[26]

## APPLICABLE LAW

Claims of ineffective assistance of counsel are evaluated under the well established and "highly demanding"[27] two-pronged standard set forth by the United States Supreme Court in *Strickland v. Washington*.[28] A defendant asserting ineffective assistance counsel claims must establish both (1) deficient performance by trial counsel and (2) prejudice suffered as a result of the deficient performance.[29] This inquiry may be undertaken in any order, and if the defendant fails to establish either prong, then the entire claim must fail.[30]

As to the first prong, the defendant must show that the trial attorney's conduct

---

[24] Del. Super. Ct. Crim. R. 61(i)(5).

[25] *Younger*, 580 A.2d at 555.

[26] *Id.*

[27] *Flamer*, 585 A.2d at 754 (citing *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986)).

[28] *Strickland v. Washington*, 466 U.S. 688 (1984).

[29] *Id.* at 687.

[30] *See id.* at 697.

"fell below an objective standard of reasonableness."[31] There is no strict standard for what constitutes reasonably effective assistance of counsel; prevailing norms of practice such as standards promulgated by the ABA "are guides to determining what is reasonable, but they are only guides."[32] Trial attorneys have "wide latitude" in making tactical decisions, thus there is a "strong presumption" that the challenged conduct falls within "the wide range of reasonable professional assistance," *i.e.*, that the challenged action "might be considered sound trial strategy."[33]

Accordingly, judicial review of an attorney's performance is "highly deferential" and entails: judging the reasonableness of the attorney's conduct based on the facts of the particular case at the time of the challenged conduct; requiring that the defendant identify the acts or omissions of the attorney that "are alleged not to have been the result of reasonable professional judgment;" and determining whether, in the light of all the circumstances, the identified conduct falls outside the "wide range of professionally competent assistance."[34] Conclusory and unsubstantiated assertions that defense counsel acted unreasonably will not be accepted.[35]

As to the second prong, the defendant must affirmatively prove that counsel's unreasonably deficient performance had a prejudicial effect on the judgment; *i.e.*, that

---

[31] *Id.* at 688.

[32] *Id.*

[33] *Id.* at 689.

[34] *Id.* at 689-690.

[35] *See Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).

the attorney's mistakes had an actual adverse effect on the proceedings.[36] The defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[37] Reasonable probability means "a probability sufficient to undermine confidence in the outcome."[38] The totality of the evidence presented before the judge or jury must be considered in making the prejudice determination.[39] When a conviction is challenged, the analysis is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[40] If the defendant fails to "state with particularity the nature of the prejudice experienced," such failure is "fatal to a claim of ineffective assistance of counsel."[41]

The Delaware Supreme Court, in summarizing the holding of the United States Supreme Court in *United States v. Cronic*,[42] has explained that in certain contexts the analysis under *Strickland*'s second prong is unnecessary "because prejudice is presumed."[43] There are three scenarios when prejudice is presumed under *Cronic*: (1)

---

[36] *Strickland*, 466 U.S. at 693.

[37] *Id.* at 694.

[38] *Id.*

[39] *Id.* at 695.

[40] *Id.*

[41] *Dawson*, 673 A.2d at 1196.

[42] *United States v. Cronic*, 466 U.S. 648 (1984).

[43] *Cooke v. State*, 977 A.2d 803, 848 (Del. 2009) (citing *Cronic*, 466 U.S. at 659-62).

when there is a "complete denial of counsel;" (2) when defense counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing;" and (3) when the attorney is asked to provide assistance under circumstances where "competent counsel likely could not."[44] In order to presume prejudice under the second scenario, the defendant must allege a defect in the proceedings as a whole rather than at specific points in the trial, and "the attorney's failure must be complete."[45] Stated differently, if there is no "structural defect" in the adversarial process that is "so inherently prejudicial to the adversarial process and a fair trial," prejudice is not presumed under the second scenario of *Cronic* and the two-pronged test of *Strickland* applies instead.[46]

## DISCUSSION

Defendant's claims for post-conviction relief lack merit. Each of Defendant's claims 1-8 and 11 in his amended motion for post-conviction relief alleges ineffective assistance of counsel. It is appropriate for defendants to raise ineffective assistance of counsel claims for the first time on a motion for post-conviction relief rather than on direct appeal, because such claims "argue that counsel's defaults precluded the prior proceedings from being a fair resolution of guilt in accord with then applicable legal principles."[47] A defendant's failure to meet the standard for ineffective assistance

---

[44] *Sahin v. State*, 72 A.3d 111, 114 (Del. 2013) (citing *Cooke*, 977 A.2d at 848).

[45] *Cooke*, 977 A.2d at 849 (citing *Bell v. Cone*, 535 U.S. 685, 696-97 (2002)).

[46] *See Sahin*, 72 A.3d at 115; *Cooke*, 977 A.2d at 852.

[47] *Flamer*, 585 A.2d at 753 (citing *Kimmelman v. Morrison*, 477 U.S. at 373-380).

of counsel will result in his claims being procedurally barred under Rule 61, unless the defendant can establish either excuse from procedural default or that the procedural requirements of Rule 61 do not apply.[48]

The State argues that Defendant's ineffective assistance of counsel claims were all absent from his direct appeal and are procedurally barred under Rule 61(i)(3). Because these claims were not asserted in the proceedings leading to Defendant's conviction, each claim must be examined for excuse from procedural default.[49] At no point in Defendant's numerous and varied articulations of his ineffective assistance of counsel claim does he go beyond conclusory allegations to state facts specific to his case which show prejudice in the outcome. As a result, Defendant has failed to meet his burden under the two-pronged test of *Strickland*.[50] Therefore, Defendant's claims of attorney error do not constitute cause sufficient to excuse procedural default under Rule 61(i)(3). In addition, a portion of Defendant's claim 8 was previously litigated, and is thus barred under Rule 61(i)(4). Accordingly, Defendant's post-conviction relief as to claims 1-8 and 11 is **DENIED**.

For similar reasons, Defendant's claims 10 and 12 are procedurally barred under Rule 61(i)(3). Defendant failed to raise the issue common to both claims on direct

---

[48] *See Flamer*, 585 A.2d at 747-48, 753; *see also* Del. Super Ct. Crim. R. 61(i)(3); (i)(5).

[49] *See* Del. Super. Ct. Crim. R. 61(i)(3) (barring grounds for relief not asserted in the proceedings leading to the judgment of conviction unless the movant shows "[c]ause for relief from the procedural default" and "[p]rejudice from violation of the movant's rights.").

[50] 466 U.S. 668.

appeal, and has failed to demonstrate that Rule 61's bars to relief are inapplicable.[51] Although Defendant asserts constitutional violations, his claims are conclusory, with no facts or detail specific to his case available to support a finding of fundamental unfairness which might excuse procedural default under Rule 61(i)(5). Accordingly, Defendant's post-conviction relief as to claims 10 and 12 is **DENIED**.

Defendant's remaining ground for relief is claim 9, in which he alleges a due process violation arose when the State failed to disclose ongoing misconduct at the OCME. Again, similar reasoning applies to bar this claim under Rule 61(i)(3). Defendant did not raise this claim on direct appeal, therefore the claim can survive procedural default only by showing cause and prejudice. Here, Defendant has failed to demonstrate how evidence of the OCME scandal would have altered the outcome of the trial. Notably, Defendant was not charged with possession of the drug seized and tested by the OCME, nor was the drug evidence presented at trial. Therefore, Defendant cannot show that the OCME's malfeasance had any bearing on his case, or that it resulted in prejudice sufficient to negate the procedural bar to his claim here. Accordingly Defendant's post-conviction relief as to claim 9 is **DENIED**.

Based on the foregoing, Petitioner has failed to establish any ineffective assistance of counsel claim against either Trial or Post-Conviction Counsel, nor has he otherwise established a meritorious claim for post-conviction relief. All of his

---

[51] *See* Del. Super. Ct. Crim. R. 61(i)(5) ("[t]he bars to relief in. . .this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.").

claims are either procedurally barred under Rule 61(i)(3) or barred as formerly adjudicated under Rule 61(i)(4), and must be dismissed. Accordingly, Petitioner's amended motion for post-conviction relief is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's amended motion for post-conviction relief is **DENIED** in its entirety.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc:   Prothonotary
cc:   Kathleen A. Dickerson, Esq.
      Joseph Hurley, Esq.
      Patrick Collins, Esq.
      Albert Roop, Esq.
      William Loper, JTVCC
      Opinion Distribution