IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAMAZAN SAHIN, | § | |
| | § | No. 257, 2021 |
| Petitioner Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. N21M-05-121 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: November 10, 2021
Decided: January 21, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Ramazan Sahin, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Sahin's opening brief that his appeal is without merit. We agree and affirm.

(2)    Following a bench trial in 2009, the Superior Court convicted Sahin of nine counts of first-degree rape, nine counts of possession of a deadly weapon during the commission of a felony, and one count of aggravated menacing. The Superior

Court sentenced Sahin to life plus 138 years of incarceration followed by six months of probation. We affirmed Sahin's convictions and sentence on direct appeal.[1] In 2011, Sahin filed a motion for postconviction relief. The Superior Court denied the motion, and we affirmed the Superior Court's judgment on appeal.[2]

(3) On May 26, 2021, Sahin filed a petition for a writ of habeas corpus, arguing that his sentence constitutes cruel and unusual punishment under *Miller v. Alabama*.[3] The Superior Court denied the petition, finding that Sahin was lawfully detained. This appeal followed.

(4) On appeal Sahin argues that (i) the Superior Court should have reviewed his petition in accordance with Superior Court Civil Rule 81; (ii) the Superior Court had the discretion to consider his youthfulness at the time he committed his crimes and impose a sentence below the sentencing guidelines; (iii) his sentence constitutes cruel and unusual punishment under *Miller v. Alabama*. Sahin's arguments are without merit.

(5) Under Delaware law, the writ of habeas corpus provides relief on a very limited basis.[4] Where the commitment is regular on its face and the court has jurisdiction over the subject matter, habeas corpus does not afford a remedy to the

---

[1] *Sahin v. State*, 7 A.3d 450 (Del. 2010).
[2] *Sahin v. State*, 72 A.3d 111 (Del. 2013).
[3] 567 U.S. 460 (2012).
[4] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

petitioner.[5]  Under 10 *Del. C.* § 6902(a), a writ of habeas corpus may not be issued to any person "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment."[6]

(6)     The Superior Court did not err by denying Sahin's petition.  Sahin has not demonstrated that the sentencing order is irregular on its face or that the Superior Court lacked jurisdiction to sentence him for his convictions.  Moreover, Sahin does not specify in what way the Superior Court's review fell short under Superior Court Civil Rule 81, and we find no error.  And there is no evidence that the Superior Court did not take Sahin's age into account when it sentenced him.  Finally, *Miller v. Alabama*, which held that the imposition of mandatory life sentences of life without parole on juvenile offenders violates the Eighth Amendment's prohibition on cruel and unusual punishment, does not entitle to Sahin, who was not a juvenile when he committed his crimes, to relief.

NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Wooley*, 104 A.2d 771, 773 (Del. 1954).
[6] 10 *Del. C.* § 6902.