ROBERT GARVEY, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 131, 2008.
Supreme Court of Delaware.
Submitted: September 19, 2008.
Decided: November 5, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
Myron T. Steele, Chief Justice.
This 5th day of November 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Robert Garvey, filed an appeal from the Superior Court's February 13, 2008 order denying his second motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we AFFIRM.
(2) In October 2003, Garvey was found guilty by a Superior Court jury of Felony Murder in the First Degree, Robbery in the First Degree, Attempted Robbery in the First Degree, Conspiracy in the Second Degree, two counts of Possession of a Firearm During the Commission of a Felony, and two counts of Carrying a Concealed Deadly Weapon. Garvey was sentenced to life in prison without probation or parole or any other reduction. This Court affirmed Garvey's convictions and sentences on direct appeal.[1] This Court also affirmed the Superior Court's denial of Garvey's first motion for postconviction relief.[2]
(3) In this appeal from the Superior Court's denial of his second motion for postconviction relief, Garvey claims that a) his "right of presence" under Superior Court Criminal Rule 43 was violated when the trial judge questioned jurors in his absence; and b) his felony murder conviction should be reversed because the State failed to prove that the killing of Garvey's victim was "in furtherance of" the commission of the robbery.
(4) We have held that the Superior Court must apply the procedural bars of Rule 61 before considering the merits of any claims for postconviction relief.[3] Rule 61(i) (2) bars any claim for relief that was not asserted in a prior postconviction motion. Rule 61(i) (3) bars any claim for relief that was not asserted in the proceedings leading to the judgment of conviction. Garvey could have raised his claim of a violation of his "right of presence" in his direct appeal or in his first postconviction motion, but failed to do so. As such, it is barred in this proceeding.
(5) Garvey's argument that the procedural bars are inapplicable because the violation of his "right to presence" constituted a miscarriage of justice under Rule 61(i) (5) is unavailing. The record reflects that Garvey raised no objection to the manner in which the jurors were questioned at his 2003 trial, but waited until his second postconviction motion in 2007 to do so. Garvey's inaction constitutes a waiver of his claim.[4] Moreover, Garvey has provided no evidence that he was in any way prejudiced as a result of the manner in which the jurors were questioned.[5] In the absence of any evidence of a miscarriage of justice, we conclude that the Superior Court properly denied Garvey's first claim as untimely.
(6) Garvey's second claim also is procedurally barred under Rules 61(i) (2) and 61(i) (3). Again Garvey argues that the procedural bars do not apply because the State failed to prove that the killing of Garvey's victim was "in furtherance of" the commission of the robbery,[6] which amounts to a miscarriage of justice. The record reflects that the trial judge was aware of the import of the Chao and Williams decisions and gave a jury instruction incorporating the then-required "in furtherance of" language.[7] The record further reflects that the evidence presented by the State at trial amply supported the jury's finding that the killing of Garvey's victim was "in furtherance of" the robbery. Garvey's further contention that only a conviction of an intentional killing can support a finding by the jury that the killing was "in furtherance of" the robbery is incorrect as a matter of law.[8] In the absence of any evidence that Garvey's conviction of felony murder constituted a miscarriage of justice, we conclude that the Superior Court also correctly denied Garvey's second claim as time-barred.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Garvey v. State, 873 A.2d 291 (Del. 2005).
[2] Garvey v. State, Del. Supr., No. 304, 2006, Steele, J. (Apr. 26, 2007).
[3] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[4] Hall v. State, Del. Supr., No. 380, 1988, Horsey, J. (Mar. 3, 1989) (citing United States v. Gagnon, 470 A.2d 522, 527-30 (1985)).
[5] Id. (citing Kentucky v. Stincer, 107 S.Ct. 2658, 2668 (1987)).
[6] Chao v. State, 931 A.2d 1000 (Del. 2007); Williams v. State, 818 A.2d 906 (Del. 2003).
[7] The felony murder statute was modified in 2004 to omit the "in furtherance of" language. Del. Code Ann. tit. 11, § 636(a) (2) (formerly Del. Code Ann. tit. 11, § 636 (a) (6)).
[8] Burrell v. State, 953 A.2d 957, 961-63 (Del. 2008). Garvey's claim that the State "conceded" this point at the prayer conference is unsupported by the record and his request that the State's contrary argument in this appeal be "barred" for that reason is hereby denied.