IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT GARVEY, | § | |
| | § | No. 584, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0107010230 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  May 18, 2016
Decided:  August 2, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 2nd day of August 2016, having considered the appellant's opening brief, the appellee's motion to affirm and the Superior Court record, it appears to the Court that:

(1)  The appellant, Robert Garvey, appeals from the Superior Court's order dated September 30, 2015, summarily dismissing his fifth motion for postconviction relief under Superior Court Criminal Rule 61.[1]  The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Garvey's opening brief that the appeal is without merit.  We agree and affirm.

---

[1] *State v. Garvey*, 2015 WL 5750124 (Del. Super. Sept. 30, 2015).

(2)     In the early hours of July 15, 2001, two men were robbed outside of a Wilmington apartment complex.  One of the men was shot and killed.  Garvey and four other defendants were arrested and charged with first degree murder, first degree robbery and other offenses.  Garvey's co-defendants pled guilty to robbery and weapon offenses in exchange for their testimony at Garvey's trial in 2003.

(3)     The evidence at Garvey's trial included the testimony of Chief Medical Examiner Richard Callery, who performed the autopsy of the shooting victim.  Dr. Callery testified that the cause and manner of death was massive internal bleeding due to a gunshot wound to the chest.  Garvey's defense at trial was that he was not the shooter.

(4)     The jury convicted Garvey of Felony Murder in the First Degree, Robbery in the First Degree, Attempted Robbery in the First Degree, Conspiracy in the Second Degree, and four weapon offenses.  The Superior Court sentenced Garvey to life in prison without the possibility of probation or parole.  On direct appeal, this Court affirmed Garvey's convictions and sentence.[2]

(5)     Garvey filed his fifth motion for postconviction relief on June 24, 2015.  Between 2007 and 2014, this Court affirmed the Superior Court's denials of Garvey's first four motions for postconviction relief.[3]

---

[2] *Garvey v. State*, 873 A.2d 291 (Del. 2005).
[3] *State v. Garvey*, 2006 WL 1495786 (Del. Super. May 25, 2006) (denying first postconviction motion), *aff'd*, 2007 WL 1221136 (Del. April 26, 2007); *State v. Garvey*, 2008 WL 1952159

2

(6) Garvey's fifth postconviction motion challenged the sufficiency and admissibility of the evidence used to convict him, including Dr. Callery's trial testimony and autopsy report. Garvey argued that Dr. Callery's 2014 termination from his position as Chief Medical Examiner in the wake of a criminal investigation was newly discovered evidence that called into question the veracity of Callery's trial testimony and the accuracy of the information he provided in the autopsy report. Garvey also claimed that the State's failure to disclose Dr. Callery's alleged misconduct was a violation of *Brady v. Maryland*.[4]

(7) The Superior Court summarily dismissed Garvey's postconviction motion after determining that all of the claims were procedurally barred under various subsections of Rule 61, including Rule 61(d)(2), and that some of the claims also were without merit. This appeal followed.

(8) On appeal, Garvey contends that pleading the existence of newly discovered evidence, namely the circumstances of Dr. Callery's 2014 termination as Chief Medical Examiner, was sufficient to avoid the procedural bar of Rule 61(d)(2). Garvey's claim is without merit.

(Del. Super. Feb. 13, 2008) (denying second postconviction motion), *aff'd*, 2008 WL 4809435 (Del. Nov. 5, 2008); *State v. Garvey*, 2009 WL 1037740 (Del. Super. April 8, 2009) (denying third postconviction motion), *aff'd*, 2009 WL 2882873 (Del. Sept. 10, 2009); *State v. Garvey*, 2013 WL 6913365 (Del. Super. Dec. 20, 2013) (denying fourth postconviction motion), *aff'd*, 2014 WL 2650144 (Del. June 11, 2014).

[4] 373 U.S. 83 (1963). *See Guilfoil v. State*, 2016 WL 943760, at **3 (Del. Mar. 11, 2016) ("Under *Brady* and its progeny, the State's failure to disclose exculpatory and impeachment evidence that is material to the case violates a defendant's due process rights." (quoting *Wright v. State*, 91 A.3d 972, 987 (Del. 2014))).

(9)     To avoid the procedural bar of Rule 61(d)(2), Garvey was required to plead with particularity that the alleged newly discovered evidence, namely the circumstances of Dr. Callery's termination in 2014, created a strong inference that Garvey is actually innocent of the facts underlying the charges for which he was convicted.[5]   In the absence of any indication that the alleged misconduct of Dr. Callery involved Garvey's case, Callery's 2014 termination as Chief Medical Examiner does not lead to a strong inference of Garvey's actual innocence.  We find no error of law or abuse of discretion in the application of the Rule 61 procedural bars, including Rule 61(d)(2), and the summary dismissal of Garvey's motion.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] Del. Super. Ct. Crim. R. 61(d)(2).
[6] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

4