IN THE SUPREME COURT OF THE STATE OF DELAWARE

ROBERT GARVEY, §
§
Defendant Below, § No. 211, 2018
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 0107010230
§
Plaintiff Below, §
Appellee. §

Submitted: December 7, 2018
Decided: December 26, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Robert Garvey, appeals from the Superior Court's order dated March 29, 2018, denying his sixth motion for postconviction relief under Superior Court Criminal Rule 61.[1] The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Garvey's opening brief that the appeal is without merit. We agree and affirm.

---

[1] *State v. Garvey*, 2018 WL 1611661 (Del. Super. Ct. Mar. 29, 2018).

(2)     In 2003, a Superior Court jury convicted Garvey of Murder in the First Degree, Robbery in the First Degree, Attempted Robbery in the First Degree, four related weapons offenses, and Conspiracy in the Second Degree.  On December 17, 2003, the Superior Court sentenced Garvey to life in prison without the possibility of probation or parole.  On direct appeal, this Court affirmed Garvey's convictions and sentence.[2]  Between 2007 and 2016, this Court affirmed the Superior Court's denials of Garvey's five previous motions for postconviction relief.[3]

(3)     Garvey filed his sixth motion for postconviction relief on December 13, 2017.  In the motion, Garvey argued, among other things, that his conviction and sentence are invalid because the death penalty statute in effect at the time of Garvey's trial and sentencing was constitutionally infirm, as Garvey argued before trial, and as this Court decided in *Rauf v. State*[4] and *Powell v. State*.[5]  The Superior Court denied the motion on March 29, 2018. The Superior Court held that the motion was not procedurally barred by Superior Court Criminal Rule 61 because the Court determined that Garvey had asserted "a retroactively applicable right that is newly

---

[2] *Garvey v. State*, 873 A.2d 291 (Del. 2005).

[3] *Garvey v. State*, 2007 WL 1221136 (Del. Apr. 26, 2007); *Garvey v. State*, 2008 WL 4809435 (Del. Nov. 5, 2008); *Garvey v. State*, 2009 WL 2882873 (Del. Sept. 10, 2009); *Garvey v. State*, 2014 WL 2650114 (Del. June 11, 2014); *Garvey v. State*, 2016 WL 4191925 (Del. Aug. 2, 2016).

[4] 145 A.3d 430 (Del. 2016) (invalidating Delaware's capital sentencing statute).

[5] 153 A.3d 69 (Del. 2016) (holding that *Rauf* applies retroactively).

recognized after the judgment of conviction is final."[6]  But the Court held that Garvey's claims lacked merit and therefore denied the motion for postconviction relief.  Garvey now appeals to this Court.

(4)  We conclude that Garvey's motion was procedurally barred by Superior Court Criminal Rule 61.[7]  Rule 61(d)(2) provides that a second or subsequent motion for postconviction relief shall be summarily dismissed unless the movant was convicted after trial and the motion either:

> (i)  pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii)  pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[8]

(5)  Garvey argues that *Rauf* and *Powell* set forth new rules of constitutional law that overcome the procedural bars of Rule 61.  Garvey's argument is unavailing because, although *Rauf* and *Powell* set forth a new rule of constitutional law, those decisions do not apply to invalidate Garvey's conviction or sentence.  As we have

---

[6] SUPER. CT. CRIM. R. 61(i)(1); SUPER. CT. CRIM. R. 61(d)(2)(ii).

[7] This Court may affirm the Superior Court's judgment "on the basis of a different rationale than that which was articulated by the trial court." *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361 (Del. 1995).

[8] SUPER. CT. CRIM. R. 61(d)(2)(ii).  *See also* SUPER. CT. CRIM. R. 61(i)(1)-(4).

held many times, *Rauf* did not strike down the entirety of the first-degree murder statute—it struck down only the death penalty portion.[9]  Because Garvey was not sentenced to death, but received a sentence of life imprisonment, *Rauf* and *Powell* do not apply to Garvey's case.[10]  For the same reason, Garvey's contention that he previously challenged the constitutionality of the death penalty statute—which challenge was rejected in *Brice v. State*,[11] which was later overruled by *Rauf*—also is unavailing.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[9] *E.g.*, *Manley v. State*, 2018 WL 6434791 (Del. Dec. 6, 2018).

[10] *See State v. Hassett*, 2017 WL 2303978 (Del. Super. Ct. May 25, 2017) ("The *Rauf* decision did lay out a new rule of constitutional law, but it only applies to cases where the defendant has been sentenced to death.  Here, Defendant was sentenced to life in prison; therefore, *Rauf* does not have any effect on his sentence.  Given the limitation of the *Rauf* holding to death penalty cases, there is no basis by which to grant Defendant's Rule 61 Motion."), *aff'd* 2017 WL 3444489 (Del. Aug. 10, 2017).

[11] 815 A.2d 314 (Del. 2003).